# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Rojas Torres, | No. CV-25-02251-PHX-ASB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| ARL Construction LLC, et al., | |
| Defendants. | |

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants (Doc. 15). No Response was filed to the Motion, and the time for same has passed. For the reasons below, undersigned recommends the Motion be granted and default judgment be entered as to all Defendants. Undersigned provides this Report and Recommendation to the District Judge pursuant to General Order 21-25 because not all parties to this matter have consented to the jurisdiction of the undersigned Magistrate Judge.

## A. Procedural History

On June 27, 2025, Plaintiff filed a Complaint against ARL Construction, LLC, and Jose A. Amaya and Antonia Schmidt Bermudez, a married couple. (Doc. 1.) All defendants (collectively, "Defendants") were served. (*See* Docs. 7-8, 11.) Plaintiff filed an Application for Entry of Default as to Defendants, and the Clerk of Court entered default as to all Defendants. (Docs. 12, 13.) After Plaintiff filed nothing for over sixty days after

entry of default, the Court issued an Order to Show Cause for failure to prosecute.  (Doc. 14.  Plaintiff's Motion for Default Judgment against Defendants was timely filed (Doc. 15).[1]  No response followed.  Thus, the Motion for Default Judgment is now ripe as to all Defendants in this matter.

### B.  Legal Standard – Default Judgment

Once default has been entered against a party, the Court has discretion to enter default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

After the Court has been satisfied that it has personal and subject matter jurisdiction, the Court must consider the factors enumerated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) when deciding whether to grant default judgment. Those factors are:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.*  Upon default, and thus when applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  In its default judgment analysis, the Court "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

### C.  Analysis – Default Judgment

The Court has considered the record of these proceedings, including Plaintiff's Declaration in Support of Motion for Entry of Default Judgment (Doc. 15-1).  The Court

---

[1] Because Plaintiff timely filed the default judgment motion, the Court will set aside its Order to Show Cause; see order below.

finds that Plaintiff has complied with the requirements of Rule 55 of the Federal Rules of Civil Procedure. The Court therefore considers jurisdiction.

### 1. Jurisdiction

Subject matter jurisdiction is first present because Plaintiff has brought two claims under 29 U.S.C. §§ 206-07 (the Fair Labor Standards Act or "FLSA"). See 28 U.S.C. § 1331. The remaining counts (Counts 3 and 4) are brought under Arizona law, specifically the Arizona Minimum Wage Act ("AMWA", A.R.S. § 363) and the Arizona Wage Act ("AWA", A.R.S. § 23-350), respectively. Under 28 U.S.C. § 1367(a), this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Undersigned concludes the state law claims form part of the same case or controversy as Plaintiff's federal law claims for purposes of § 1367(a), because all of the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). Undersigned does not find that any exceptions under 28 U.S.C. § 1367(c) apply, and supplemental jurisdiction over the state law claims is present. Personal jurisdiction exists, as all Defendants are either organized in, or are residents of, this District, and the record establishes service was effectuated upon them. Because jurisdiction is proper, the Court next considers the *Eitel* factors.

### 2. *Eitel* factors

In deciding whether to grant default judgment, the Court must weigh "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

### a. Factor 1

Under the first factor, the Court considers the possibility of prejudice to Plaintiff. The Court finds the first factor weighs in Plaintiff's favor. Plaintiff has prosecuted this case since its inception. Defendants have not participated in this matter at all. Plaintiff has no alternative means to resolve the claims in his Complaint against Defendants. Thus, there is a strong possibility of prejudice to Plaintiff if default judgment is not entered. *See Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *2 (D. Ariz. Apr. 23, 2024) (finding the same in an action for unpaid wages because the plaintiff would be without recourse or redress if default judgment were denied).

### b. Factors 2 and 3

Under the second and third factors, the Court must consider the merits of each claim made in the Complaint, as well as the Complaint's sufficiency. Given the interplay of the second and third factors, the Court considers them together. *See Eitel*, 782 F.2d at 1472. Here, both factors weigh in favor of granting default judgment. The Court finds the Complaint contained sufficient detail regarding Defendants' alleged violations of federal and state wage statutes. (*See* Doc. 1.) The allegations are taken as true. *Geddes*, 559 F.2d at 560.

First, the Court considers the second and third factors as they pertain to the federal wage statute. Plaintiff alleges both minimum wage and overtime wage violations under the FLSA. (Doc. 1 at 10-14.) "The FLSA requires employers to pay their employees a minimum hourly wage and additional overtime wages for any time spent working in excess of a forty-hour workweek (not less than one and a half times the hourly wage)." *Ramirez*, 2024 WL 1740020, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)). "To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020). The FLSA defines an "employee" as "any individual

employed by an employer" and an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d), (e)(1). "An individual can be subject to liability under the FLSA as an employer if they 'exercise control over the nature and structure of the employment relationship, or economic control over the relationship.'" *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)). In his Complaint, Plaintiff alleges he was an employee of Defendants at all relevant times and Defendants exercised control over his work and wages. (Doc. 1, ¶¶ 11-25.) Plaintiff further alleges he worked for Defendants from February 2024 to September 2024 as a framing carpenter, and his hourly rate was $25.00. (*Id.* at ¶¶ 32-37.) Plaintiff alleges that in his final three workweeks of employment with Defendants, he worked 40 hours per week, for a total of 120 hours, but he was not paid for his final two workweeks. (*Id.* at ¶¶ 41-43.) Taking those factual allegations as true, Plaintiff has established he was an employee of Defendants, and that Defendants were employers under the FLSA.

"To bring an FLSA claim for unpaid minimum wages, a plaintiff must 'allege facts showing that there was a given week in which he was entitled to but denied minimum wages.'" *Avila*, 2024 WL 863710, at *4 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). In his Complaint, Plaintiff alleges he was not paid for his final two workweeks. (Doc. 1 at ¶¶ 42-43.) Those allegations are further accepted as true, and Plaintiff has stated a plausible minimum wage claim under the FLSA for the final two workweeks.

"To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and [was] not paid overtime wages." *Avila*, 2024 WL 863710, at *4 (citing *Landers*, 771 F.3d at 646). In his Complaint, Plaintiff alleges he generally worked "approximately between 40 and 48 hours or more per workweek," but he also alleges he "worked a total of approximately 40 hours each workweek" in his final three workweeks of work for Defendants. (Doc. 1, ¶¶ 39, 41.)

Plaintiff also alleges that "during the weeks in which he worked overtime," he "generally worked approximately eight (8) hours overtime per week," but he was not paid for those hours "[t]hroughout the duration of Plaintiff's employment." (*Id.* at ¶¶ 52-55.) Accepting those allegations as true, undersigned finds Plaintiff has generally stated a claim for overtime under FLSA for weeks in which he worked overtime, but not for the last three workweeks because he pled that he worked 40 hours for each of those weeks. (*See id.* at 41.)

The Court next turns to the second and third *Eitel* factors as they relate to Plaintiff's claim under the AMWA. (*See* Doc. 1 at 13-14.) "The AMWA establishes the minimum wage an employer must pay an employee in Arizona." *Avila*, 2024 WL 863710, at \*4; A.R.S. § 23-363. "Like the FLSA, the AMWA defines an 'employee' as 'any person who is or was employed by an employer.'" *Id.* § 23-362(A). The AMWA goes on to define an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). Here, Plaintiff has sufficiently alleged that Defendants (which are either limited liability companies or individuals) are employers under the AMWA; that Plaintiff was their employee; and that Plaintiff was not paid for his last two workweeks of employment. (*See* Doc. 1 at 3-8.) Thus, Plaintiff has stated a colorable claim under the AMWA.

Finally as to these two *Eitel* factors, the Court considers Plaintiff's claim under the AWA. That statute mandates that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). An "employee," as defined by the AWA, is very similar to the FLSA and AMWA. *See* A.R.S. § 23-350(2) (defining "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within" Arizona). "However, the AWA limits the term 'employer' to include 'any individual, partnership, association, joint stock company, trust or corporation,

- 6 -

the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person.'" *Avila*, 2024 WL 863710, at *4 (quoting A.R.S. § 23-350(3)).  That is, "[u]nlike the FLSA and the AMWA, the AWA 'does not ... authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages.'" *Id.* (quoting *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. Jul. 15, 2021)).  Indeed, Plaintiff's Complaint contains an AWA claim against only the entity, Defendant ARL Construction, LLC[2], and not the individually-named defendants.  (Doc. 1 at 14-15.)  The facts alleged by Plaintiff establish that he was employed by Defendant ARL Construction, LLC and that he was not paid for the last two workweeks he was employed by that entity, in violation of the AWA.  (*See id.* at 3-9.)

Accordingly, after taking the allegations in the Complaint as true, undersigned concludes Plaintiff has stated claims upon which he may recover under both Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.), the AMWA (A.R.S. § 23-363), and the AWA (A.R.S. § 23-350 *et seq*.).

c.   Factor 4

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct.  *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002).  In the case at bar, Plaintiff seeks total damages in the amount of $12,875.00 against Defendant(s).[3]  (Doc. 15 at 8-9, 11; Doc. 12-1 at 4-5.) He also seeks post-judgment interest and leave to file a motion for attorney's fees and costs. (Doc. 15 at 11-12.)  Given the number of hours Plaintiff has alleged that he worked without

---

[2] The Court notes that the instant Motion names a different entity, Steel Roots LLC, at one point. (*See* Doc. 15 at 12.)  This appears to be a scrivener's error, as the remainder of the Motion names the correct one.  Plaintiff's counsel are reminded to proofread their filings before submitting them to this Court, as this is not the first time this Court has addressed a similar issue in counsel's pleadings. *See Ramos Perez v. Evolet's Painting Servs.*, LLC, No. CV 25-01886-PHX-ASB, 2025 WL 4063609, at *3 n.1 (D. Ariz. Dec. 15, 2025), *report and recommendation adopted*, 2026 WL 147655 (D. Ariz. Jan. 20, 2026).

[3] The Court considers *infra* the sufficiency of Plaintiff's evidence regarding sought damages.

compensation, the Court finds the amount of sought damages to be reasonable. This factor weighs in favor of default judgment.

### d. Factor 5

The fifth factor requires the Court to consider the possibility of dispute concerning the material facts. This factor favors default judgment, as Defendants have failed to participate in this matter since being served. Since that time, they have made no effort to meaningfully challenge Plaintiff's Complaint or engage in the discovery process.

### e. Factor 6

Sixth, the Court considers whether the default was due to excusable neglect. The record is devoid of any indication that Defendants' failure to participate in this case or otherwise defend against the Complaint since June 2025 is the result of excusable neglect. Defendants were duly served with this lawsuit. (*See* Docs. 7-8, 11.) Thus, they have been made aware of the pendency of this matter and their attendant obligations. No evidence to indicate Defendants have excusably neglected this matter is before the Court. Thus, the factor weighs in favor of default judgment.

### f. Factor 7

Finally, the Court is mindful of "the general rule that default judgments are ordinarily disfavored," and that matters "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, Defendants have completely failed to defend this lawsuit, despite their knowledge that it is ongoing. Defendants' conduct has rendered impossible the decision of this case on its merits.

After considering and weighing the *Eitel* factors, undersigned finds default judgment is appropriate and recommends to the District Judge that default judgment be entered against Defendants.

### 3. Damages

When considering the amount of damages, the Court does not take the factual allegations contained in the Complaint as true. *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Rather, Plaintiff is required to

prove up the damages he sought in his Complaint. *Philip Morris, U.S.A. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Further, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in" Plaintiff's Complaint. Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Philip Morris*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Undersigned has carefully reviewed the Complaint (Doc. 1) and Plaintiff's Declaration (Doc. 15-1). Although the Complaint did not include a specific dollar amount of sought damages, the Complaint generally detailed the relief sought as to each of the claims pled. (*See* Doc. 1 at 10-16.) In his Complaint, Plaintiff pled the federal minimum wage and overtime claims, the AMWA claim, and the AWA claim. (*See id.* at 10-15.) In support of those claims, Plaintiff's Complaint described the weeks and hours generally worked, alleged that Plaintiff was not paid for some of that work, and contained Plaintiff's hourly wage. (*See id.* at 6-9.) The Court addresses minimum wages, unpaid wages under the AWA, and then overtime wages.

a. Minimum wages (FLSA and AMWA)

In his Complaint, Plaintiff alleges he was not paid for the final two workweeks of his employment with Defendants, and that his regular hourly rate was $25.00. (Doc. 1 at ¶¶ 34, 42-43.) He further alleges he worked approximately 40 hours per week during his final three workweeks. (*Id.* at ¶ 41.)

Despite what he pled in his Complaint as to not being paid for the last two weeks he worked for Defendants (Doc. 1 at ¶¶ 42-43), Plaintiff avers in his Declaration that he was not paid for his final <u>three</u> workweeks. (Doc. 15-1 at ¶ 9.) Plaintiff does not address this discrepancy in his Motion. (*See* Doc. 15.)

Because "a default judgment must not … exceed in amount[] what is demanded in" Plaintiff's Complaint, Fed. R. Civ. P. 54(c), undersigned will recommend that the number of hours for which Plaintiff is owed minimum wages is 80, which represents two, 40-hour workweeks. Thus, the unpaid federal minimum wages are $580.00 (80 hours x $7.25 per

hour) and the unpaid Arizona minimum wages are $1,148.00 (80 hours x $14.35 per hour).

"When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to 'unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional *equal* amount as liquidated damages.'" *Avila*, 2024 WL 863710, at *6 (citing 29 U.S.C. § 216(b) and adding emphasis). "Double damages are the norm, and single damages are the exception." *Id.*, citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)). Therefore, Plaintiff's unpaid federal minimum wages are doubled to $1,160.00. And "[w]hen a defendant is found liable under the AMWA for failure to pay minimum wages, the plaintiff is entitled to treble damages – the un[d]erpaid wages, including interest thereon, 'and an additional amount equal to twice the underpaid wages.'" *Ramirez*, 2024 WL 1740020, at *5 (citing A.R.S. § 23-364(G)). Therefore, under the AMWA, Plaintiff's Arizona minimum wage damages are trebled to $3,444.00.

Because double recovery is prohibited, *see Avila*, 2024 WL 863710, at *6 (citing *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980)), the larger, trebled Arizona minimum wages award of $3,444.00 "engulfs" the federal minimum wages award of $1,160.00. Therefore, as to minimum wage statutory damages, Plaintiff has established an award of $3,444.00 against all Defendants.

b. AWA wages

Plaintiff also brought suit against Defendant ARL Construction, LLC under the AWA, which allows for trebled damages of Plaintiff's unpaid wages (not only unpaid minimum wages) under A.R.S. § 23-355. (*See* Doc. 1 at 15-16.) Specifically, A.R.S. § 23-355 provides that "the employee <u>may</u> recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." (Emphasis added.)

In his Motion, Plaintiff boldly, and without citing any supporting authority, states the Court "must" treble his liquidated damages under A.R.S. § 23-355. (Doc. 15 at 10.) The Court disagrees. "The treble damages provision of A.R.S. § 23-355 is discretionary." *Alvarez v. Talaveras Renovations LLC*, No. CV-23-02654-PHX-DWL, 2024 WL 663431,

at \*3 (D. Ariz. Feb. 16, 2024) (citing *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court.").

Here, Plaintiff's Declaration contains no discussion of whether his wages were withheld in bad faith. (*See* Doc. 15-1 at 2-5.) "Because Plaintiff's declaration provides no indication why Defendants withheld his wages, it does not support the conclusion that the withholding was done 'unreasonably and in bad faith.'" *Alvarez*, 2024 WL 663431, at \*3 (quoting *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002)). Because Plaintiff has failed to demonstrate that his wages were withheld unreasonably and in bad faith, the Court will recommend the District Judge decline to award treble damages under the AWA.[4]

### c. Overtime wages

As noted *supra*, the language of the Complaint is quite broad vis-à-vis overtime. Specifically, Plaintiff alleges he generally worked "approximately between 40 and 48 hours or more per workweek," but he also alleges he "worked a total of approximately 40 hours each workweek" in his final three workweeks of work for Defendants. (Doc. 1, ¶¶ 39, 41.) Thus, it does not appear from the Complaint that Plaintiff alleges any overtime in his last three workweeks. Plaintiff further alleges that "during the weeks in which he worked overtime," he "generally worked approximately eight (8) hours overtime per week." (*Id.* at ¶¶ 52-55.) He states generally that he worked in excess of 40 hours "[d]uring the time that [he] worked for Defendants" without providing further detail. (*See id.* at ¶ 51.) In other words, he generally alleges he worked overtime while employed, but he does

---

[4] If the District Judge were to decide to award damages under the AWA, Plaintiff estimates that his unpaid wages for his last 3 workweeks (120 hours), at his regular rate of pay ($25.00/hour), were $3,000.00. (Doc. 15-1, ¶ 11.) However, as described *supra*, Plaintiff cannot exceed what he originally pled in his Complaint, which was that he was unpaid for the last two workweeks (80 hours at $25.00 per hour). (*See* Doc. 1 at ¶¶ 34, 42-43); *see* Fed. R. Civ. P. 54(c). Thus, the reasonable amount of wages would be $2,000.00. Trebled, those unpaid wage damages Plaintiff may recover pursuant to A.R.S. § 23-355 against ARL Construction, LLC total $6,000.00. Because the $6,000.00 engulfs the minimum wages award of $3,444.00, damages under the AWA in the amount of $6,000.00 against Defendant ARL Construction, LLC would be appropriate. Again, however, the papers are devoid of any discussion of bad faith withholding. Thus, undersigned does not recommend trebling under the AWA.

not state which weeks or how many weeks he worked overtime. (*See* Doc. 1.) While this is sufficient for pleading standards, it does not prove the amount of damages. The Court therefore turns to Plaintiff's Declaration. *See Philip Morris*, 219 F.R.D. at 498.

In his Declaration, Plaintiff avers he "was never paid overtime." (Doc. 15-1 at ¶ 12.) Thus, Plaintiff has clarified that Defendants failed to pay him for the entire duration of his employment with them. Plaintiff further attests in his Declaration that he worked 5 hours of overtime per week, for each of the 31 workweeks before his last 3 workweeks, for a total of 155 hours. (*Id.* at ¶¶ 13-14.) For those 155 hours, Plaintiff avers, he should have been paid an overtime premium of $12.50. (*Id.* at ¶ 13.) The total amount of overtime wages due is therefore $1,937.50 (155 hours x $12.50 per hour). Undersigned finds that figure to be a reasonable estimate, given the number of hours worked by Plaintiff and the overtime rate as calculated. (*See id.* at ¶¶ 13-14.) As noted *supra*, 29 U.S.C. § 216(b) requires doubling of overtime damages. Thus, the total amount of federal overtime damages is $3,875.00.

d. Total recommended damages; motion for further relief

Therefore, the total amount of statutory damages that undersigned will recommend be awarded against Defendants ARL Construction, LLC and Jose A. Amaya and Antonia Schmidt Bermudez, jointly and severally, is $7,319.00 ($3,444.00 in minimum wage damages + $3,875.00 in overtime damages).

Finally, Plaintiff requests leave to file a motion for attorney's fees and costs (Doc. 15 at 11-12). Because good cause appears under the applicable federal and state statutes, undersigned will recommend that the District Judge order such a motion be filed within 14 days of the District Judge's Order. Finally, Plaintiff requests post-judgment interest be awarded. (*Id.*) Post-judgment interest may be added to the award pursuant to 28 U.S.C. § 1961(a); thus, undersigned will recommend that post-judgment interest be awarded.

//

//

//

**D. Conclusion**

For the foregoing reasons,

**IT IS THEREFORE RECOMMENDED:**

**1.** That Plaintiff's Motion for Default Judgment Against Defendants (Doc. 15) be **granted**, specifically:

    a. Plaintiff is awarded statutory damages in the amount of $7,319.00 against Defendants ARL Construction, LLC, and Jose A. Amaya and Antonia Schmidt Bermudez, jointly and severally, without trebling of AWA damages; and

    b. Post-judgment interest on those judgments be assessed at the statutory rate pursuant to 28 U.S.C. § 1961.

**2.** That the Court order any motion for attorney's fees and costs be filed no later than 14 days from the date the District Judge's Order is filed, and if no motion is timely filed, the request for fees/costs be deemed abandoned. In addition, given Plaintiff's counsel's history of requesting fees for disallowed tasks in other matters before this Court[5], undersigned recommends that the District Judge order that said Motion shall not contain any requests for fees that are barred under controlling case law, such as clerical tasks, and direct that all billing entries be specific as to what precise tasks were performed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

---

[5] This history was discussed in *Villa v. Express Truss & Framing Sys. LLC*, No. CV 24-01890-PHX-ASB, Doc. 33 at 4-6. The District Judge accepted the recommendation contained therein and reminded Plaintiff's counsel of their Rule 11 obligations. *Id.*, Doc. 24 at 2.

- 13 -

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

## ORDER

**IT IS ORDERED setting aside** the Court's Order to Show Cause (Doc. 14).

Dated this 20th day of February, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge