# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Rojas Torres,<br><br>    Plaintiff,<br><br>v.<br><br>ARL Construction LLC, et al.,<br><br>    Defendants. | No. CV-25-02251-PHX-SMM (ASB)<br><br>**REPORT AND RECOMMENDATION** |

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court and ripe for disposition is Plaintiff's Renewed Motion for Attorney's Fees (Doc. 22), supported by its accompanying affidavits and exhibit (Doc. 22-1) and Plaintiff's Bill of Costs (Doc. 20). Undersigned provides this Report and Recommendation to the District Judge pursuant to General Order 21-25 because not all parties to this matter have consented to the jurisdiction of the undersigned Magistrate Judge.

### A. Background

The Court incorporates by reference its summary of the procedural history of this matter that was contained in the previous Report and Recommendation (Doc. 16). That Report and Recommendation was adopted on March 9, 2026, when this Court granted Plaintiff's Motion for Default Judgment (Doc. 15), against Defendants ARL Construction, LLC, Jose A. Amaya, and Antonia Schmidt Bermudez (collectively, the "Defaulting

Defendants"); awarded statutory damages in the amount of $7,319.00 to Plaintiff against the Defaulting Defendants, jointly and severally; and permitted Plaintiff to file a motion for attorney's fees by March 23, 2026.  (Doc. 17.)  Plaintiff timely filed his Motion for Attorney's Fees (Doc. 19) and a Bill of Costs (Doc. 20).

In considering Plaintiff's original Motion for Attorney's Fees, the Court determined that the Defaulting Defendants each meet the statutory definition of a "defendant" and that Plaintiff qualifies as a "prevailing party" such that fees must be awarded.  (Doc. 21 at 2.)  In addition, the Court acknowledged that Plaintiff is entitled to an award of *reasonable* fees and costs.  (*Id.*)  However, the Court denied the Motion because it concluded Plaintiff had requested fees that are not recoverable under binding precedent, as the Court has detailed in prior, similar cases litigated by Plaintiff's counsel.  (*Id.* at 2-4.)  The Court further permitted Plaintiff to file a renewed motion seeking fees that cured the deficiencies.  (*Id.* at 4.)

Plaintiff then timely filed his instant, Renewed Motion for Attorney's Fees.  (Doc. 22.)  No response to the renewed Motion for Attorney's Fees was filed.  Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion; nevertheless, the Court considers the Motion on its merits under the applicable law.

### B.  Applicable Law and Analysis

As noted previously, the Court finds Plaintiff is entitled to an award of reasonable fees and costs under federal and Arizona law against the Defaulting Defendants.  (Doc. 21.)  With the benefit of the renewed Motion, the Court now determines whether the amount Plaintiff seeks for fees and costs is reasonable under applicable law.

At the outset, the Court notes the Plaintiff very clearly opposes the Court's denial of the initial Motion, arguing that the Court should have instead simply excluded hours that it deemed unreasonable.  (*See* Doc. 22 at 4.)  Indeed, Plaintiff (through counsel) goes on at length in the renewed Motion regarding the importance of counsel's work in these types of cases, implying that this Court does not "accept" the "notion" that employees should be paid for the work they do, or insinuating that the Court believes counsel who represent

plaintiffs in FLSA cases are not "as competent as the employer[1]-paid lawyers." (*Id.*) Rather than engage with these inflammatory remarks, the Court will focus – as it always does – on applying the relevant law to the facts presented.

### 1. Fees

Although "[t]he award of an attorney's fee is mandatory, … the amount of the award is in within the discretion of the court." *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (citation omitted). "To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method." *Gary v. Carbon Cycle Ariz. LLC*, 398 F.Supp.3d 468, 485 (D. Ariz. 2019) (citations omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2008) ("District courts must calculate awards for attorneys' fees using the 'lodestar' method."). To calculate the lodestar, the Court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v. Cty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995)).

### a. Hourly rate

Therefore, the Court first calculates the lodestar amount. "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid. In addition, that party has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895) (1984) ("Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"). The "relevant community," in turn, "is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

---

[1] Plaintiff (through counsel) characterizes those employers as "abusive" and "slave-driving." (*Id.*) Plaintiff (through counsel) further suggests that workers are being "re-victimize[d]" by "dis-incentivizing their lawyers from taking on their legitimate wage claims." (*Id.*)

Here, Plaintiff's counsel seeks fees at an hourly rate of $445.00. (Doc. 22 at 10.) Plaintiff acknowledges that his original Motion contained a calculation using that hourly rate but requested a rate of $495.00 per hour, instead of $445.00. (*Id.* n. 10.) In support of the requested amount of $445.00 in the renewed Motion, Plaintiff provides nothing specific; instead, he incorporates the prior (denied) Motion. (*See* Doc. 22 at 2.) Attached to the original Motion was a declaration that spotlighted three fee orders in which $495.00 per hour was approved by courts. (*See* Doc. 19-6.) Of those three cited orders, one was not attached as an exhibit[2], one was an unsigned January 2024 order from out of this Circuit (Doc. 19-2), and one was an order that did not analyze reasonableness of fees (Doc. 19-3). Counsel also provides the Court with a fee order in which $445.00 per hour was found to be reasonable in a FLSA action. (Doc. 19-4.) Based on undersigned's review of the record and recent cases in this District, undersigned concludes that an hourly rate of $395.00 is reasonable.

b. Number of hours

In the instant, renewed Motion, Plaintiff (through counsel) seeks fees for 13.4 hours expended by Clifford Bendau, II. (Doc. 22 at 10.) Undersigned has reviewed the Itemization of Attorney's Fees and Costs submitted as Exhibit A. (Doc. 22-1.)

Undersigned notes that Plaintiff is no longer seeking fees for the majority of administrative or clerical tasks performed by counsel. Although Plaintiff emphasizes in the renewed Motion that he is doing so only in this case, the Court will take this opportunity to once again remind counsel that the Supreme Court observed in *Missouri v. Jenkins* that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them … '[The] dollar value [of that non-legal work] is not enhanced just because a lawyer does it.'" 491 U.S. 274, 288 n.10 (1989) (quotation omitted). In addition, undersigned will recommend that the October 1, 2025 entry "Finalize, file Application for Entry of Default" be excluded because filing documents is a clerical task that must be excluded; that entry is .1 hours.

---

[2] The Declaration indicates it may be found at "Exhibit A," but Exhibit A is the fee agreement. (Doc. 19-1.)

Undersigned will recommend that the District Judge exclude Plaintiff's December 15, 2025 sought time reviewing this Court's Order to Show Cause why the case should not be dismissed for failure to prosecute. The docket shows over two months passed from when default was entered before the Court ordered Plaintiff to show cause. As it has in prior cases with Plaintiff's counsel, the Court was left to prod Plaintiff's counsel to proceed with the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1 (requiring the Court and parties to employ the Rules "to secure just, speedy, and inexpensive determination of every action and proceeding"). The Court does not find awarding fees for reviewing the Order to Show Cause to be reasonable, nor is it in the interests of justice to award fees for same; the excluded amount is .1 hours. In the same vein, undersigned defers to the District Judge as to the propriety of awarding fees for the instant, renewed Motion for Attorney's Fees, particularly in light of the District Judge's repeated reminders to counsel of the pertinent law on reasonableness.

### c. Lodestar calculation and conclusion

Therefore, of the 13.4 hours billed by Clifford Bendau, II, undersigned recommends that the District Judge exclude .2 hours. The resulting lodestar amount is therefore $5,214.00, which represents 13.2 hours for Clifford Bendau, II, at an hourly rate of $395.00.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4. That is, "in rare cases, district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)… that have not been subsumed in the lodestar calculation." *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted). The *Kerr* factors are:
(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,
(3) the skill requisite to perform the legal service properly,

(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the "undesirability" of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

526 F.2d at 70; *see also* LRCiv 54.2(c)(3).

This matter is a straightforward wage case, wherein the Defaulting Defendants never participated. Plaintiff's counsel did not have to conduct any discovery regarding those Defaulting Defendants, and there were no complex or significantly contested issues. After considering the *Kerr* factors, the Court finds no reason to adjust the lodestar.

2. Costs

In addition to fees, Plaintiff seeks filing and service costs totaling $717.54. (Doc. 22 at 10, Doc. 19 at 15.) The itemization attached to the renewed Motion lists the same total, which represents $405.00 in filing fees plus $312.54 in service fees. (Doc. 22-1 at 3.) Those costs are further detailed in the process server's invoice. (*Id.* at 5.) The same costs appear in the Bill of Costs filed by Plaintiff.[3] (Doc. 20.) Undersigned finds the sought out-of-pocket costs to be reasonable and supported by the documentation. Therefore, Plaintiff's awardable costs are $405.00 in filing fees and $312.54 in allowed service fees, for a sum of $717.54. That amount will be recommended to the District Judge.

**C. Conclusion**

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Renewed Motion for Attorney's Fees (Doc. 22) be **granted in part**; and

2. That the Court award Plaintiff $5,214.00 in attorney's fees and $717.54 in costs, for a total of **$5,931.54,** against ARL Construction, LLC, Jose A. Amaya, and

---

[3] Undersigned notes that the Bill of Costs erroneously lists the Court as being in the District of Nevada. (Doc. 20.)

- 6 -

Antonia Schmidt Bermudez, jointly and severally. This recommended award excludes .2 total hours in attorney's fees and acknowledges the District Judge may find fees associated with the renewed Motion for Attorney's Fees to be unreasonable. This recommended award is in addition to the statutory damages previously awarded by the Court in Doc. 17.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of May, 2026.

_____

Honorable Alison S. Bachus
United States Magistrate Judge

- 7 -