**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Raul Rojas Torres,

      Plaintiff,

v.

ARL Construction LLC, et al.,

      Defendants.

No. CV-25-02251-PHX-SMM (ASB)

**ORDER**

This matter was assigned to Magistrate Judge Alison S. Bachus. (Doc. 3). On May 7, 2026, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 23). To date, no objections have been filed. The Magistrate Judge recommends that the Court grant in-part Plaintiff's Renewed Motion for Attorney's Fees (Doc. 22). (Doc. 23).

---

[1]    This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and modifies the Magistrate Judge's Report and Recommendation. (Doc. 23).

The Court agrees with all the issues noted in the Magistrate Judge's Report and Recommendation with Plaintiff's Renewed Motion for Attorneys' Fees. (Id.) However, upon the Court's review of Plaintiff's itemization of attorneys' fees and costs, the Court found an additional entry of time for an administrative task. Administrative tasks are not compensable as attorney fees. See Neil v. Comm'r of Soc. Sec., 495 Fed.Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); see also Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been subsumed in firm overhead rather than billed at paralegal rates"). The Court finds that the following task is not commensurable as attorney fees:

- 10/1/25: Finalize, file application for entry of default (0.1 hours)

(Doc. 22-1 at 2). This Court has already informed Plaintiff's counsel numerous times that he is not entitled to attorneys' fees for administrative tasks,[2] yet Plaintiff's counsel continues to request them.[3]

Additionally, Plaintiff requested attorney fees for unreasonable time amounts. The Court takes issue with the following entries:

- 10/1/25: Begin drafting Application for Entry of Default (0.3 hours)
- 10/2/25: Review Clerk's Entry of Default (0.1 hours)
- 12/15/25: Review Order to Show Cause (0.1 hours)
- 12/19/25: Begin Drafting Motion for Default Judgment (1 hour)
- 12/19/25: Draft Declaration in Support (0.3 hours)
- 3/21/26: Begin Drafting Motion for Attorneys' Fees & Costs (1 hour)
- 3/23/26: Continue Drafting Motion for Attorneys' Fees & Costs (1 hour)
- 4/17/26: Draft Renewed Motion for Attorneys' Fees & Costs (1 hour)

It is unreasonable for Plaintiff's counsel to bill 0.3 hours for drafting the application for entry of default. (See Doc. 12). The application is only two sentences and states the following:

> Plaintiff, Raúl Rojas Torres ("Plaintiff"), requests that the Clerk of Court enter default against Defendants, ARL Construction LLC and Jose A. Amaya and Antonia Schmidt Bermudez (husband and wife) ("Defendants"), pursuant to Fed.

---

[2] See e.g., Fuehrer v. Edelweiss Phoenix Incorporated et al., No. CV-24-00178-PHX-SMM (D. Ariz. October 3, 2024); see also Miles v. Thomas Suites Campus of Care LLC et al., 2:24-cv-01286-SMM-JZB (D. Ariz. November 20, 2025); see also Quigley v. Soul Surgery LLC et al., 2:24-cv-01050-SMM-ASB (D. Ariz January 14, 2026); see also Rasmussen v. Dream Helpers LLC et al., 2:23-cv-01808-SMM-JZB (D. Ariz. February 24, 2025); see also Ramos v. Probuilds LLC et al., 2:23-cv-01111-SMM-DMF (D. Ariz. March 12, 2024); see also Robinson v. Beyond Food LLC et al., 2:23-cv-00443-SMM-CDB (D. Ariz. February 2, 2024); see also Shorty v. Day and Night Medical Trans Incorporated et al., 2:23-cv-00084-SMM-ASB (D. Ariz. January 4, 2024); see also Rodriguez v. D'Auto Boys LLC et al, 2:22-cv-01420-SMM-JZB (D. Ariz. April 29, 2024).

[3] Plaintiff's counsel is reminded of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure and that sanctions may result if counsel seeks relief that is not permitted under the law. The Court has already reminded Plaintiff's counsel of this obligation. See e.g., Villa v. Express Truss & Framing Systems LLC, et al., No. CV 24-01890-PHX-SMM-ASB (D. Ariz. July 24, 2025); see also Quigley v. Soul Surgery LLC, et al., No. CV 24-01050-PHX-SMM-ASB (D. Ariz. January 14, 2026).

R. Civ. P. 55(a). In support of this request, Plaintiff relies on the record in this case and the affidavit submitted as "**Exhibit A**."

(Id.) Also, the affidavit submitted as Exhibit A is identical, except for the change of the Defendants' names and the date, to the affidavit submitted to this Court in Plaintiff's counsel's other cases. (See Doc. 12-1). Plaintiff's counsel also has not demonstrated how the motion for default judgment took one hour, the draft declaration took 0.3 hours, and the motion for attorneys' fees and costs took two hours, and the renewed motion for attorneys' fees and costs took one hour to complete when all the motions are nearly identical to those Plaintiff's counsel has submitted to this Court in other cases. Also, the Court finds it unreasonable for Plaintiff's counsel to request attorneys' fees for reviewing the Court's Order to Show Cause (Doc. 14) for failure to prosecute and, thus, will not award attorneys' fees associated with reviewing the Order.

## CONCLUSION

Counsel has been repeatedly cautioned about the numerous deficiencies in his motions for attorneys' fees and costs. This Court expects counsel to submit a correct fee application without relying on the Court to be his auditor in chief.

Accordingly, for the reasons set forth,

**IT IS ORDERED modifying** the Report and Recommendation of the Magistrate Judge. (Doc. 23).

**IT FURTHER ORDERED granting in-part** Plaintiff's Renewed Motion for Attorneys' Fees. (Doc. 22).

**IT IS FURTHER ORDERED awarding** Plaintiff $3,278.50 in attorneys' fees and $717.54 in costs for a total of **$3,996.04**, against ARL Construction, LLC, Jose A. Amaya, and Antonia Schmidt Bermudez, jointly and severally.

Dated this 22nd day of May, 2026.

Stephen M. McNamee
Senior United States District Judge

- 4 -